# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Odell Morgan**

**In Re: Application to Present Complaint to Grand Jury**

**No. 19-1072** (Ohio County 19-P-234)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Self-represented petitioner Odell Morgan appeals the November 8, 2019, order of the Circuit Court of Ohio County denying his application to present a complaint to the grand jury. Respondent State of West Virginia, by counsel Karen C. Villanueva-Matkovich, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for deposition by a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court with directions to evaluate petitioner's application to present a complaint to the grand jury pursuant to the standards set forth in *Dreyfuse In Re: Application to Present Complaint to the Grand Jury*, __ W. Va. __, 842 S.E.2d 743 (2020).

Petitioner was indicted in the Circuit Court of Ohio County on seventeen counts for his part in two sexual assaults committed by multiple attackers. At petitioner's trial, the evidence included video footage of the police interviews of both petitioner and a co-defendant[1] and surveillance video footage from the motel where J.L. (the victim of the second assault) was sexually assaulted, which confirmed the presence of the victim and the attackers. DNA evidence further connected petitioner to the sexual assault of J.L.

Sixteen of the seventeen counts against petitioner were presented to the jury, and the jury convicted petitioner of fifteen of the remaining sixteen counts. Thereafter, the circuit court sentenced petitioner to a life term of incarceration with the possibility of parole for his conviction on one of the counts, kidnapping, and to consecutive terms of incarceration for his

---

[1]Each of the four defendants was tried separately.

other convictions, which resulted in a cumulative sentence of not less than 90 to 240 years of incarceration to be served upon the completion of his life sentence. In *State v. Morgan*, No. 11-0692, 2012 WL 3055440 (W. Va. June 22, 2012) (memorandum decision), this Court affirmed petitioner's convictions.

On October 2, 2019, petitioner submitted an application to the circuit court for permission to present a complaint to the grand jury that alleged that the prosecutor in his criminal case suborned the investigating officer who testified before the grand jury. The testimony in question was the officer's account that petitioner was present when one of his co-defendants dragged J.L. back into the motel room in which J.L. was assaulted. By an opinion letter dated October 10, 2019, the circuit court denied the application. Petitioner filed a motion asking that the circuit court either reconsider its ruling or enter a final order to allow petitioner the opportunity to appeal. On November 8, 2019, the circuit court entered a final order denying petitioner's application to present a complaint to the grand jury.

Petitioner now appeals the November 8, 2019, order. We review petitioner's appeal mindful of the standards we recently explained in the syllabus of *Dreyfuse In Re: Application to Present Complaint to the Grand Jury*, __ W. Va. __, 842 S.E.2d 743 (2020), regarding the circuit court's role in insuring citizens' rights of access to the grand jury.

Here, petitioner argues that the circuit court's decision to deny his application to present a complaint to the grand jury violated Syllabus Point 1 of *State ex rel. Miller v. Smith*, 168 W. Va. 745, 285 S.E.2d 500 (1981), in which this Court held that "[b]y application to the circuit judge, whose duty is to insure access to the grand jury, any person may go to the grand jury to present a complaint to it." The State argues that this case should be remanded to provide the circuit court the opportunity to evaluate petitioner's application under the standards set forth in *Dreyfuse,* an opinion issued after the circuit court decided the case now before us, and in which we elucidated the standards under which a request to present to the grand jury should be evaluated. We agree with the State. Therefore, we reverse the circuit court's November 8, 2019, order and remand this case with directions that the court evaluate petitioner's application to present a complaint to the grand jury pursuant to *Dreyfuse*.

For the foregoing reasons, we reverse the circuit court's November 8, 2019, order and remand this case for further proceedings consistent with this memorandum decision.

Reversed and Remanded with Directions.

**ISSUED:**  December 10, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison